UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAMAR WOODHOUSE,<br><br>          Plaintiff,<br>v.<br><br>JANE RIDLEY,<br><br>          Defendant. | Case No. 3:08cv1260 (CSH) |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

HAIGHT, Senior District Judge:

Plaintiff Lamar Woodhouse, currently confined at the Osborn Correctional Institution in Somers, Connecticut, commenced this civil rights action *pro se* pursuant to 28 U.S.C. § 1915. Plaintiff alleges, *inter alia,* that defendant Jane Ridley, a Toxicologist for the State of Connecticut, prepared a false report and offered false testimony during his criminal trial regarding tests that she performed on a substance found in the car plaintiff was driving when he was arrested in March 2005.

On December 17, 2008, the Court issued an Initial Review Order dismissing the claims brought pursuant to 42 U.S.C. §§ 1985 and 1986 and the claims brought pursuant to 42 U.S.C. § 1983 relating to defendant Ridley's testimony at trial. (*See* Doc. #7.) The only remaining claims are: malicious prosecution and intentional infliction of emotional distress relating to the issuance of the allegedly false toxicology report. Defendant Ridley has moved for summary judgment. For the reasons set forth below, the motion will be granted.

**I.      Standard of Review**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c), ; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the lack of evidence to support the nonmoving party's case. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

A court must grant summary judgment if the pleadings, discovery materials on file and any affidavits show that there is no genuine issue as to any material fact. *Miner v. Glen Falls*, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or present mere speculation or conjecture. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (quotations and citations omitted). The mere of existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004).

The court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. *Patterson v. County of Oneida, NY*, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper.

*Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II.     Facts[1]

On March 9, 2005, Bridgeport police officers arrested the plaintiff and charged him with the following motor vehicle violations: engaging the police in a pursuit in violation of Connecticut General Statutes § 14-223(b), evading responsibility in the operation of a motor vehicle in violation of Connecticut General Statutes § 14-224, operating a motor vehicle while operator's license has been suspended in violation of Connecticut General Statutes § 14-215a, reckless driving in violation of Connecticut General Statutes § 14-222 and operating a motor vehicle without headlights

---

[1] The facts are taken from defendant's Local Rule 56(a)1 Statement along with the attached exhibits and affidavits. (*See* Docs. ##16-3 through 16-7.) Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. See D. Conn. L. Civ. R. 56(a)2 & 56(a)3. With their motion for summary judgment, defendant filed a Notice to Pro Se Litigant [Doc. #17] informing plaintiff of his obligation to respond to the motion for summary judgment, the time limit for filing his response, and of the contents of a proper response.
      Plaintiff has failed to respond to the motion for summary judgment. Accordingly, defendant's facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

in violation of Connecticut General Statutes § 14-96b.  Bridgeport police officers also charged plaintiff with the following criminal violations:  reckless endangerment in the first degree in violation of Connecticut General Statutes § 53a-63, interfering with a police officer in violation of Connecticut General Statutes § 53a-167a, possession of narcotics in violation of Connecticut General Statutes § 21a-279a and using a motor vehicle without the owner's permission in violation of Connecticut General Statutes § 53a-119b.

      The Connecticut State's Attorney's Office assigned Assistant State's Attorney Pamela Esposito to investigate and prosecute the cases of *State of Connecticut v. Lamar Woodhouse*, Case No. CR05-0206645S and *State of Connecticut v. Lamar Woodhouse*, Case No. MV05-0600644S, which were consolidated for trial.  Prior to the commencement of trial, Assistant State's Attorney Esposito filed an information charging plaintiff with the following counts: (1) engaging the police in a pursuit in violation of Connecticut General Statutes § 14-223(b), (2) reckless endangerment in the first degree in violation of Connecticut General Statutes § 53a-63, (3) reckless driving in violation of Connecticut General Statutes § 14-222a, (4) evading responsibility in the operation of a motor vehicle in violation of Connecticut General Statutes § 14-224b, (5) interfering with a police officer in violation of Connecticut General Statutes § 53a-167a, (6) breach of peace in violation of Connecticut General Statutes § 53a-181a5, (7) possession of narcotics in violation of Connecticut General Statutes § 21a-279a and failure to appear in the first degree in violation of Connecticut General Statutes § 53a-172a1.

      On March 9, 2005, after plaintiff's arrest, a police officer conducted an inventory of the vehicle that plaintiff had been driving at the time of his arrest.  During the inventory, the officer found a small, glassine envelope containing a powdery, white substance between the driver's door

and the seat of the vehicle.  The officer seized the envelope and brought it to the booking area.  A test of the substance yielded a positive reaction for heroin.

On September 1, 2005, at the request of Assistant State's Attorney Esposito, an officer in the Bridgeport Police Department delivered a "Request for Examination of Physical Evidence" to the State of Connecticut Department of Public Safety Division of Scientific Services.  The evidence to be examined was described as follows: a "white glassine envelope containing a white powder substance" weighing ".5 grams" that had been seized from plaintiff's vehicle at the time of his arrest.  An evidence control technician at the Division of Scientific Services documented the receipt of the request for analysis and the evidence to be examined which was contained in a sealed plastic evidence bag.

The defendant, Jane Ridley, is a quality manager and principal chemist for the State of Connecticut Controlled Substance Toxicology Laboratory.  She began her analysis of the evidence contained in the sealed plastic evidence bag on September 22, 2005.  Defendant Ridley first weighed the powder substance in the glassine bag and determined that it weighed 0.38 grams.

On September 23, 2005, defendant Ridley removed a small amount of the powder substance from the glassine bag and performed a solubility and color test.  The solubility test revealed that the substance was a free base form of a substance or drug.  The result of the color test was inconclusive.

Defendant Ridley then employed two confirmatory tests used to determine the structural identification of a substance.  The test of the sample using a Fourier Transform Infrared Spectrophotometer instrument did not result in an identification of the substance.  The initial test of the sample using the Gas Chromatography/Mass Spectrometer ("GC/MS") instrument did not identify the substance.  Further testing using the GC/MS instrument identified cocaine in one

portion of the sample.

On September 26, 2005, per laboratory protocol, Defendant Ridley re-tested a second portion of the sample from the glassine bag using the GC/MS instrument. This test also identified cocaine in the sample and confirmed the results of the testing performed on September 23, 2005. Pursuant to standard operating procedures, Ms. Ridley then inventoried the case, closed the case with the assistance of another chemist and returned the sample to the laboratory vault.

Defendant Ridley prepared a draft report of her analysis on September 27, 2005. Another chemist reviewed the draft to determine the accuracy of the results. On October 11, 2005, Defendant Ridley and the other chemist signed the final report. Defendant Ridley concluded that the evidence was a powder substance weighing 0.38 grams and that cocaine had been detected by tests performed on the substance.

Prior to the trial of the plaintiff, defendant Ridley recalls speaking to Assistant State's Attorney Esposito regarding the testing of the powder substance. Defendant Ridley informed Attorney Esposito that initial testing had been inconclusive, but further testing confirmed the presence of cocaine in the substance.

On April 28, 2006, Assistant State's Attorney Esposito called defendant Ridley to testify at plaintiff's trial. Defendant Ridley offered testimony regarding the report that she had issued documenting the testing of the substance found in the car plaintiff was driving on the day of his arrest. Defendant Ridley testified that the testing that she had performed on the substance revealed the presence of cocaine. The court admitted defendant Ridley's report as a full exhibit. The plaintiff, who represented himself at trial, cross-examined defendant Ridley. At no time during her testimony on cross-examination, did defendant Ridley testify that she did not test the white


substance found in the car plaintiff had been driving or that the substance was pancake mix from a store. Plaintiff did not call an expert witness to testify at trial or offer an expert witness report to refute the findings in defendant Ridley's report. The jury returned a guilty verdict only as to the charge of interfering with an officer. The judge sentenced petitioner to one year of imprisonment.

### III. Discussion

Plaintiff contends that the information in defendant Ridley's report documenting the results of her laboratory testing of the substance found in the car he was driving at the time of his arrest was false and that Assistant State's Attorney Esposito relied on this report containing inaccurate information to initiate or continue the prosecution of him.

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Roberts v. Babkiewicz*, 582 F. 3d 418, 420 (2d Cir. 2009) (quoting *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002)). To state a claim for malicious prosecution under Connecticut law, the plaintiff must prove four elements: "(1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice.'" *Id. (*quoting *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815, 817 (1982)).

Defendant Ridley argues that she did not initiate or pursue the prosecution against the plaintiff. The uncontested evidence shows that in response to a request from the State's Attorney's Office, defendant Ridley analyzed the white substance found in the car plaintiff was driving at the

time of his arrest. The test results revealed the presence of cocaine in the substance. Prior to trial, defendant Ridley communicated those results to Assistant State's Attorney Esposito. At trial, Attorney Esposito called defendant Ridley to testify as to the report she had issued documenting the tests performed on the substance found in the vehicle plaintiff had been driving at the time of his arrest. Defendant Ridley testified that the results of her analysis revealed the presence of cocaine in the substance. Plaintiff cross-examined defendant Ridley. Defendant Ridley never testified that she had not tested the substance or that it was only pancake mix from a store. The transcript of her testimony on direct and cross-examination confirms these facts.

"One who merely responds to requests for information or testifies as a witness does not, by those acts institute or continue a prosecution." *Whittaker v. Duke*, 473 F. Supp. 908, 910 (D.C.N.Y. 1979). Furthermore, an individual who "has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer . . . cannot be held liable for malicious prosecution." *Peruta v. Town of Rocky Hill*, 640 F. Supp. 2d 186, 196 (D. Conn. 2009) (quoting *McHale*, 187 Conn. at 448, 446 A.2d at 817.) If, however, an individual provides information to a public officer that he or she knows is false, that individual could be found to have initiated or procured the prosecution. *See id.* (citing *Bhatia v. Debek*, 287 Conn. 397, 407, 948 A.2d 1009, 1018-19 (2008)).

The Court concludes that there is no evidence to suggest that defendant Ridley played an active role in the prosecution or otherwise encouraged the prosecutor to act. Defendant Ridley merely responded to a request for analysis of the substance found in the car plaintiff was driving upon his arrest and reported the results of her analysis to the prosecutor. Plaintiff has provided no evidence to support his allegation that defendant Ridley's toxicology report was in any way false or

inaccurate or that she testified on cross-examination that she did not test the substance because it appeared to be only pancake mix.  Thus, plaintiff has provided no support for his claim that the Assistant State's Attorney Esposito's decision to proceed with his prosecution was based on false information in defendant Ridley's toxicology report.  Because the plaintiff has failed to offer evidence to satisfy the first element of a claim of malicious prosecution, the claim fails as a matter of law.  Furthermore, plaintiff has submitted no evidence to show that defendant Ridley acted unlawfully or with an improper motive when she tested the substance found in the car plaintiff had been driving or when she testified at trial regarding her analysis.  *See Pinsky v. Duncan*, 79 F. 3d 306, 313 (2d Cir. 1996 ) (the element of malice implicates an evil or unlawful purpose. . . .  and includes the pursuit of the lawful end by the intentionally unlawful means" ) (internal quotation marks and citation omitted);  *McHale*, 187 Conn. at 447, 446 A.2d at 817 (to satisfy the element of malice,  plaintiff must show that defendant "acted . . . primarily for a purpose other than that of bringing offender to justice.").   Thus, plaintiff has failed to meet the fourth element of a malicious prosecution, requiring malice on the part of the defendant.  As there are no issues of material fact as to whether defendant Ridley initiated, pursued or continued the prosecution of the plaintiff or acted with malice towards the plaintiff, defendant Ridley is entitled to judgment as a matter of law on the claim of malicious prosecution.  The motion for summary judgment is granted.

### IV.    Conclusion

Defendant Ridley's Motion for Summary Judgment [**Doc. #16**] is **GRANTED.**  The court declines to exercise supplemental jurisdiction over plaintiff's claim of intentional infliction of

emotional distress.[2]

The Clerk is directed to close the case.

It is So Ordered.

Dated: New Haven, Connecticut
March 29, 2010

          /s/ Charles S. Haight, Jr.
          CHARLES S. HAIGHT, JR.
          SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Where all federal claims have been dismissed, the court may decline to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).